Good morning, and may it please the Court. My name is Douglas Tirica. I represent the plaintiff, Jaime Sanchez, in this case. I'd like to start with what I think could be a useful review of some major issues the parties agree on. The parties agree that neither the IDEA nor the implementing regulations contain any statute of limitations applicable to a fees case. The parties also agree that this Court has not addressed the issue, and as we know, other circuits are split. So, in sum, the parties agree that nowhere is there published, codified or published in any other way, a statute of limitations explicitly addressing this case. The Board, it appears, also does not challenge the fact that this Court clearly ruled in CM that before applying a short limitations period to an IDEA case, there must be clear and clear notice to the parents. The Court below made some attempt to distinguish CM from the facts of this case, but as we reviewed in our brief, it appears the District Court simply misread CM, and I do not read the Board now to be supporting that part of the District Court's ruling. On that notice issue, the Board cites only one place where it contends that notice was provided, and that's in the procedural safeguards notice that it issues to parents in IDEA cases. The relevant provisions, as we know, are on pages 108 through 110 of the appendix, and specifically on page 108, the Board claims there has been notice of a limitations period applicable to fees actions. In doing so, the Board pulls out a handful of words out of a multi-paragraph section that refer to inaction, or excuse me, the action brought, and ignores all of the other language that very clearly limits those actions to situations completely opposite to this one. And it starts at the very beginning of that section, where it says, if either you or the school division disagrees with the hearing decision, Ms. Sanchez does not disagree with the hearing decision. She agrees with it, and in fact, must rely on it in order to bring her fees case. This whole section is for people who want to bring civil actions when they disagree with the decision. I.e., when they want to appeal that decision. In multiple other portions of this section, it uses similar language, referring to people who are aggrieved by the decision, which is the language the IDEA typically uses for losing parties, and it uses additional language referring to actions brought regarding the issues before the administrative hearing officer. A fees action does not address issues addressed by the hearing officer. It addresses an entirely new issue, which is the administrative hearing officer. It addresses an entirely new issue, namely, the fees, which is outside the hearing officer's jurisdiction. So this section of that procedure... Counsel, I'm sorry. Just on this notice issue now, since you're talking about that, it seems, at least in terms of the facts of the case, that CM involved a period of limitations where the particular statute had an express triggering point, which is the provision of notice, and the court there said that hadn't been satisfied. So if you change the situation, whether it's this one or something else, is it your position that if we're having to borrow from an analogous state period of limitations, the first time that's done, is your position, by definition, there wouldn't be notice? If it is a yes, and if it is a short period of limitations, that notice would be necessary. So any time we're borrowing a state statute, we've got to find short, I guess. The first time that's done, there wouldn't be adequate notice, and the statute wouldn't apply. We have to have, what, a published decision to make that happen? Oh, no, Your Honor, absolutely not. The notice need not come from the court. So the board could have provided that notice in any form. Now, that notice of a short statute of limitations would have been more of a statement of position than an actual declaration of an established statute. But had they done so, either in the procedural safeguard notice, they could have done so at the bottom of the administrative decision. If we look at the bottom of the decision, it explicitly states a time limit for appeals and says nothing about fees actions. If they had provided it in any form like that, even if they had sent an e-mail to Mr. Ostrom, they could have done that and said, so you know, you only have 90 days to do this. Now, Mr. Ostrom may have thought, well, that's wrong. But at least we wouldn't be talking about the notice issue. We would only be talking about the length of the limitations. Just a question about the timing in this case. Am I understanding this right, that the decision comes down, and then four months later, sort of negotiations open up about fees, and then after the negotiations end, there's more than a year before there's a filing for fees? What accounts for all the time? So there are two different reasons why that time passes. One is something that comes up quite a lot and something that we mentioned in our discussion of the public policy considerations. Work rarely ends at the moment an administrative decision is received. There's almost always some follow-up work, and this case is a good example. The hearing officer ordered the parties to meet again, ordered the board to revise the student's IEP. These are things that take some time to schedule and to perform. Sometimes it's a much longer period. Sometimes the order can say, meet, decide what evaluations are needed, perform those evaluations, meet again and revise the IEP. That process, in my experience, can easily take over a year. In this case, it took some months until that work was mostly complete on the case. So as we said in our public policy section, it would be really inefficient if a party had to file immediately. What about the year after the negotiations ended, more than a year? Usually for equitable tolling, we're looking for kind of reasonable diligence and someone pursuing their rights, and this seems like, why did it take more than a year after the negotiations ended to file a fee motion? I mean, it's a 14-day time period in federal court. More than a year seems like a long time. Well, first, I think this is a much more specific, narrower issue than a broad equitable tolling. I think this court has been very specific that in an IDEA context, a short statute of limitations goes against the IDEA policy. So it's not just a broad equity question. However, I understand that it is easy to say, you know, what's the matter with Mr. Ostrom? Why did he wait so long to file this? The simple answer is he had more pressing issues. And I don't think that's, I think that's to his credit. Mr. Ostrom did not come into the field of special education law so that he could litigate for his fees. He entered this field so that he could help children with special needs get services that they require. So the fact that he did not jump on this immediately, I think that is to his credit. That's a, that may be, and I'm not, certainly not suggesting otherwise, but that's a kind of interesting position for us to try to maybe decide who's doing sufficiently legitimate stuff compared to other people. I'm trying to make sure how we apply. That seems, seems hard for us to apply. I mean, a lot of people think what they're doing is kind of important. And maybe his is more important, but I'm a little perplexed by that. I agree. That would be a very messy argument for me to come and make. I'm not making it. I'm just trying to answer the question. We're not arguing for broad equitable tolling. We're simply noting that this Court has held that for the policies of the IDEA, a short limitations period cannot be applied unless there is clear notice. That was not about a broad equitable tolling idea. So, you know, as we have reviewed here, that notice was not provided. The Board's reference to these few words out of context, we can talk about that for a long time and we can parse this language, but I'm very happy to leave it to the Court to read this section and answer for itself whether this is intended to apply to all civil actions or just to appeals. I think it's very, very clear that it applies just to appeals. And if we look at the very next section, which is titled Attorney's Fees, in those two pages, there's nothing at all about any time limitation. And in its brief, the Board asserted that it need not put anything in this safeguards notice that is not explicitly in the IDEA, and we have no big problem with that. We don't need to make that argument. But I think it's interesting because the Board seems to be simultaneously saying this safeguards notice mirrors the IDEA, and we agree, it does. And also saying the IDEA does not contain any limitations period for civil actions, which we agree, it does not. So if their procedural safeguards notice is just mirroring that language, as we can see that it does, it does not provide notice of that limitations period. If the Court does wish to address, does move on to the question of what limitations to apply going forward, as we've reviewed, we think that the most closely analogous sources of law are from the Virginia regulations regarding IDEA claims, and specifically IDEA initial complaints, and to the Virginia Code regarding personal actions. And those are most closely analogous to a fees case because in both cases they address initial actions, cases that turn on new evidence, not an existing record, and cases that are decided by a simple preponderance of the evidence standard. Can we look at analogous regulations? I mean, you obviously think so, and that might point us to the two-year initial period that you're referring to, or it might point us to the 90-day period, whereas the statute, I think, only says 180. So I know your position about why you think one is better, but my question really relates to the threshold question. We've talked about borrowing from State statutes. Is it your position we can look at State regs as well? Yes, Your Honor, because the precedent on this, well, I don't know of a precedent that addresses that specific question, and that was one on my mind, but what they do say is that you look to the most closely analogous State law, and of course we treat State regulations as being very instructive if we don't want to go as far as to use that word. I think we are certainly operating within the principles that this circuit and other circuits have adopted in looking to what the State does in very similar situations. As it happens, both of those sources, the State regulations regarding initial IDEA actions and the State statute regarding personal actions have the same period, two years. We also know that the other circuits that have rejected the idea of a very short limitations period have looked to those catch-all, as has this Court. If that is done, you have a lawyer, you've won your claim, why would it take two years to file a fees petition? Again, the rule in federal court is 14 days. Two years just as a matter of common sense. Why is such a long limitations period appropriate here? Well, if I may, first, Your Honor, and I'm happy to get to the question, but first, we're not talking about what's most appropriate or what makes the most sense, which is what the Board has argued. I'm quoting from the Supreme Court. They do say, look for the most appropriate limitations period. In this jurisdiction, and as in some others, we look at what is the most closely analogous and then have a secondary question. What two things are supposed to be analogous? The two types of actions. So in this case, the fees action. Not the limitations period. You think the two claims have to be analogous, not the two limitations periods, because I think we're actually very unclear about that. That's interesting. I haven't seen anyone argue either the Board or the judge below. I don't think anybody has suggested that the limitations period would be analogous independent of the action types. So that's the way we've all addressed it, and I guess I'm having a little trouble understanding how that would be. So I think we argue to the actions, but I don't think I quite got to the Court's question. I think you were asking why would this be imperfect? Yeah, why does this make sense? Well, if we were to look at it that way, as what makes sense as opposed to what's most closely analogous, we are into the public policy area, and in this case, you know, I don't think either party can argue any prejudice from the limitations period going in one direction or the other, provided there's notice. Without the notice, we've certainly been prejudiced. But I don't think there's a credible argument that the Board can make that it is somehow harmed by paying money later. I don't think there's a significant prejudice to a party having to file a fees claim earlier. However, I think there are significant, that may be too big a word, I think there are issues of judicial economy and of saving everybody time and money in bringing a longer period, using a longer period, because it allows for more settlement, but also, as I said, it allows for the development of the case, and it allows for the consolidation of multiple fees cases, which can easily happen and, again, allows for much more efficiency. If that time is not allowed for the development of the facts of the case, we have a situation which would have occurred in this case, where Sanchez could have filed immediately, worried about a short limitations period, filed immediately, and then asked the Court to stay the case while her attorneys completed the work on the case, which, as I reviewed, could take over a year. Or I'm not sure what else happens. Maybe that case gets complete and she has to file a new one. It just makes for some messy things. Is that a disaster? No. As I said, I don't think the Court's choice of which limitations period, if they reach that question, I do not think it will have enormous implications. I would not think to argue that. I don't think there's a reasonable argument in that direction. I do think if the Court weakens CM and rules in this individual case that the notice was not required before applying this short limitations period, I think that is an injustice to this plaintiff and I think it is a broader problem with the jurisdiction going forward. Thank you. Thank you, Mr. Ticker. Mr. Cafferty. May it please the Court, John Cafferty for the School Board. Members of the panel, I have a number of points that I want to cover, but let me, since counsel raised it and there were some questions about it, let me go right to the issue of the CM, this Court's decision in the CM case and the issue of notice. First, CM is not a case about stand-alone attorney's fees actions at all. It's a case, and in fact the CM case tells us some things that are very helpful. Counsel referred a number of times to the short limitations period. CM, as the Court knows, applied a 60-day administrative limitations period pursuant to a North Carolina statute. And what the notice had to do with there was not notice of a limitations period, but notice when the clock starts, notice when the clock starts. And the Court says there a number of times a party is entitled to know when the limitations period begins. And in that case, the Court says that a 60-day limitation period would have been appropriate, but for the fact that the school division did not provide the notice required by the North Carolina statute to let them know when the clock starts. That's a very different situation here. When it comes to stand-alone attorney's fees claims, we need to look at the provisions of IDEA that talk about, that tell us when you have to have notice of a limitations period. And that's important because that's in 20 U.S.C. 1415 D.2, content of procedural safeguards. Obviously this Court had decided the R.R. case several years before the statute was amended in 2004, applying a limitations period. One of a number of cases, going back to the Schimel v. Spillane case, the Manning case, and then the R.R. case, cases where limitations periods, analogous limitations periods were applied. And to your Honor's point, those were not the subject of any notice. Congress amended that section in 2004 to provide subsection K, civil actions, including the time period within which to file such actions, and then L, attorney's fees. So it's important, so our position with respect to just the statutory construction point is, there's either of two possibilities. Either this stand-alone attorney's fees action is a civil action, including the time period within which to file such actions, and it's controlled by the general either 90-day or Virginia 180-day limitations period, something that counsel concedes and is clear from the record is in the procedural safeguards notice, or it comes under subsection L, attorney's fees. And importantly, as we pointed out in our brief, by the time this was amended in 2004, there were at least 15 years' worth of stand-alone attorney's fees actions. If Congress wanted to add the same qualifier, including the time period within which to file such actions, they certainly knew how to do that. They didn't do that, and the legislative decision, apparently, was to allow analogous limitations periods to be developed through the courts, ones that could vary from one situation to the next. If you look at the procedural safeguards notice, the Virginia approved version of the procedural safeguards notice, what it says is, and this is on counsel's right, Joint Appendix 108-109, civil actions including the time period within which to file those actions. And then you go, the party can bring the action has 90 calendar days or 180 days to file in state court. So, I just want to make sure I understand where you're going. I think I understand your position that what you just referred to in the procedural safeguards would be adequate notice. It sounds like that's what you're saying. Before you get there, you pointed out that CM wasn't an attorney's fees case, and I get that. From that, is it your position there is no notice requirement for the period by which a claim for attorney's fees must be made, or that there is and this Virginia procedural thing satisfies it? What I would say, Your Honor, is that the text of IDEA does not require, note the provisions that I just gave you, that the text of IDEA does not, 20 U.S.C. 1415 D2L, unlike the proceeding section K, does not actually require notice of a separate notice of the limitations period for a stand-alone attorney's fees claim. But even... So you're saying, your primary argument then is this whole notice thing is just bunk. We don't have that anywhere. I wouldn't say it's a primary argument. I would say it's either of, we make both of two points. One is that, and this Court's decision in the R.R. case essentially says that. What it says is you can't require school systems as a matter of IDEA procedural safeguards to put more in their procedural safeguards than IDEA itself required. In other words, even if the procedural safeguards were essentially a copy of IDEA and a copy of the Virginia Code, you wouldn't know anything more than in this procedural safeguards notice. But furthermore, Your Honor, even if you say, even if, you know, because part of the reason why we're having this discussion, really the whole reason why we're having this discussion, is because IDEA doesn't have a separately delineated attorney fee, a stand-alone attorney fee limitations period. And so we would further say that if you have to provide notice of anything, it's notice of what is included within IDEA as a limitations period for civil actions generally. After all, attorney fee claims are a form of civil action. And what IDEA says, what the procedural safeguards notice says, is 90 days for federal, 180 days for state. And we think that's consistent with this Court's decision in the, among others, the R.R. case. Counsel, can you? I'm coming to some of the statutory framework kind of new. And you say there's no specific provision for a limitations period for these stand-alone fee actions. But isn't the kind of bigger reason this is all so confusing is that there's actually no provision for the stand-alone fee actions at all? Yes. Right. That makes this whole thing very confusing. And that's an argument. I'm sorry. I don't mean to get. No, it's all right. I'm excited to. And you'll see that in our brief. I mean, that's an argument, frankly, that I lost about 25 years ago. Yeah. I'm not suggesting right. It's been implied. Everybody agrees. It's not at issue. But it does make this very confusing because there's nothing about it because it doesn't, you know, it's not in the statute. It absolutely does. And interestingly, because interestingly, if you look at 20 U.S.C. 1415I, the right to bring civil action, right to bring a civil action, and then that's what gets us to, that's the part that was amended to give us the 90 days or you can refer to the state 180 days. That's not where a standalone attorney's fee, that's not what authorizes standalone attorney's fees claims. Those are authorized by subsection 3, jurisdiction of the district courts. So the limitations period resides in the preceding section. I will point out that, you know, whether you're talking about I-3, which is authorized standalone attorney's fees claims, or I-2, which authorizes judicial actions to, we say appeal colloquially. They're not really actions challenging a hearing officer decision. That's in a completely different subsection of that statute than the two-year limitations period that applies to initiating due process hearings in the first place. And I mean, I think some of the practical reasons that Your Honor talked about, by the time you get to attorney's fees claims, you've been through a whole hearing. You've been through witnesses. You've been through everything. The notion that you would need two years or anything like that to, when there are many shorter limitations periods, I think for practical reasons doesn't make any sense. Counsel, can I just mean to interrupt? You're the people who need to understand. I'm just thinking, this isn't really in the record, and I'm not 100% sure how it fits in, if at all, to how we decide this. But, you know, in my old normal litigation world, if there was a claim for attorney's fees related to a case, it's somewhat of a follow-up of what you've been talking about. It's almost always in the prayer for relief with the substantive claim. So if the statute allows for attorney's fees or a contract allows for attorney's fees, I almost always say I win on the merits and I get attorney's fees. Practically speaking, is that what happens in this IDEA world in the state claims when people seek hearings and speak special education services, do they also seek attorney's fees? And I don't think the record had it here. Did this one? I mean, it's been a while since I looked back at the request for hearing, but I've been doing these for 36 years. And I started the same year the statute was amended to allow for fee shifting, 1986. So I've never seen one that did not, honestly. That would be the typical process, and I think if you look in Joint Appendix 50 to 51, Mr. Ostrom's affidavit, he doesn't suggest otherwise. I want to make sure, because I know my time is limited, to mention a couple other things that I think are important and related to this. One of them is counsel says, well, the school system isn't prejudiced. The school system is prejudiced in a significant way, and that is this. Even from the forecourt, you don't have the administrative record below of the two days of hearing and so forth. But even from the hearing officer's opinion, which is in the Joint Appendix and in the papers, you can see that the hearing officer ruled that the student was receiving educational benefit. The student was benefiting from being with other students, denied the claim for a compensatory relief, and essentially said there's some mathematical problems with the IEP. An IEP that had been written by Mr. Ostrom, by the way, when he was the child's teacher. Sort of a remarkable fact. But this is not a, given what the hearing officer's decision was, this isn't a hearing officer opinion that the school system would have had any reason to challenge in court. Now, we know they have 90 days to do that, or 180 days to do that in state court. Under the rule that counsel is contending for, a plaintiff could, and that to some extent happened here, frankly, wait out, make it too late for the school system to challenge the hearing officer opinion, and then come back and say, well, you know, you only had 90 days to take this to federal court, but now I have two years to seek attorney's fees. And honestly, there's, just as having a system where those two time periods are congruent, we think makes a practical sense. Although, honestly, if you look at the rule of accrual that Judge Ellis applied, and not just Judge Ellis, the district court at Mayo did it, and Richardson, and a number of others, it isn't 180 days, it's almost a year, 360 days, because his rule of accrual, just with all due respect, I disagree with that. I think that accrual clock starts at the time the hearing officer's opinion is rendered. But even under his rule of accrual, you get 180 days plus 180 days, and 360 days, if you can't put together a fee claim in this court or in the district court, it would have to be done within 14 days. And let me say this, too, when you look at, we deal with it in the briefs, assessing claims for attorney's fees is not, as Judge Ellis put it, looking at timesheets and taking a glance at the administrative opinion. Far from it, and this case is a good illustration of why. You have the issue of were they a prevailing party at all. I know that the clerical report that the hearing officer filed with the opinion of the decision says that. The decision itself doesn't, and honestly, our position is that his case status summary, I think it's called, is just in error because he denies the relief that's asked for, and the only thing that he ordered the school system to do is something the school system had been trying to do anyway. So even if you have the issue of were they really the prevailing party, even if they were, to what was their degree of success? And importantly, we gave the provision of IDEA, were there things that the parents or frankly their counsel did to try to obstruct or interfere or delay or protract the proceedings? That's an important issue under IDEA. All those things require the court to get its hands dirty with the administrative record so that it's not just a perfunctory look at that. I want to make sure that I've, as I say, you can read the cases. We think that Judge, no way I'm going to do a better job of case analysis than Judge Ellis, but I do think he has the Richardson case and those other cases have really the better end of the argument. These other cases from other circuit courts apply very short limitations periods, 30 or 42 days. That was an issue that was decided in the Schimmel case, although this court's decision in CM says 60 days can't be long enough. Those, honestly, unless the panel's got other questions, those, I hate to leave, I hate to leave time on the clock, but I really think I've covered the points that I wanted to make. Otherwise, thank you for your attention. Thank you. Thank you. I didn't hear the board press its argument that this section of its safeguards notice actually provides notice of a limitations period for fees actions, and I'm glad because I think it's very clear that it doesn't. I did hear this suggestion that CM would not apply to this case because CM turned completely on the state statute in that case. In CM, the court did not speak narrowly. To the contrary, it said, a generally applicable very short limitations period for IDEA actions in federal court without any requirement that school authorities provide clear notice of the limitations period is inconsistent with federal policies embodied in the IDEA. It does not say it violates state law. It does not say any of that. It does mention the existence of a law, which it found relevant, but that was not the entire basis of its decision. Regardless, in our situation, the IDEA, the federal regulations implementing it, and the Virginia regulations implemented all do require notice, and I'll quote, of the availability of civil actions, including the time period in which to file such actions. The IDEA does also require that notice along with state and federal regulation. Regarding the question of whether and why the due process complaint did or did not address attorney's fees, as you noticed, Your Honor, it's not in the record. Frankly, I don't recall in this case. I do, however, know that that's not within the jurisdiction of hearing officers. They address issues of FAPE, not this question of attorney's fees, which would occur after the fact. Hearing officers also don't do any kind of bifurcated proceeding, where first they decide the substance, and then if there's prevailing party status, they would determine the fees in the way that a district court would. On page 26 of the record, we have, well, 25 to 26, we have the relevant sections regarding what the hearing officer decides, why the hearing officer decides it. And then on page 26, starting with, how far in are we, I guess it's I-3, 1450 and I-3, it talks about the jurisdiction to determine attorney's fees, which lies with the district court, not with the hearing officer. It is true that the IDEA doesn't talk exactly about what kind of order a hearing officer can issue, and they certainly have some discretion, but I've never seen any suggestion anywhere that they could award attorney's fees. The board's argument regarding prejudice, I'm sorry, it makes no sense to me. So what I heard was that if there's an appeal deadline of 90 days and a fees deadline, I mean, what they were proposing, and a longer fees deadline, that they would lose their chance to appeal by the time they got notice of the motion for fees, which I understand that concern. They'd say, well, if it's a big motion, big claim for fees, maybe we will appeal this. Maybe it will be worth our while. I understand what they're saying there. However, what they're asking for is 90 days. So if the plaintiff files their fee claim on the 90th day, obviously the board has already lost its own opportunity to appeal by the time it gets that notice. So either way, that prejudice that they are worried about, that exists. Finally, the issue of the prevailing party. You know, I know that the board has a lot to say about that, and, of course, they have every right to make all of those arguments. Those are the arguments that are made before the district court on the substance of this case. Every argument about whether the hearing officer was correct when the hearing officer explicitly held that Ms. Sanchez was the prevailing party, whether the hours spent were reasonable, whether the hourly rate is reasonable, all of those things can be argued and should be argued if the board has arguments before the district court when this court orders that the case can go forward because it is not barred by a statute of limitations. I sense no further questions, so I guess I'll be the third in a row to walk away with time. Thank you very much. Thank you, counsel. Appreciate your arguments.
judges: Roger L. Gregory, Pamela A. Harris, A. Marvin Quattlebaum Jr.